UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIER KEAND'E GARDNER,<br><br>           Plaintiff,<br><br>    v.<br><br>DAVID L REYNOLDS, et al.,<br><br>           Defendant. | CASE NO. C19-670-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Kier Keand'e Gardner, an inmate at Washington State Penitentiary, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. Dkt. 4. The Court screens complaints filed by plaintiffs who are prisoners under 28 U.S.C. § 1915A(a). The statute directs a court to "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The complaint names the following defendants: David L. Reynolds, Clerk and Director of Whatcom County Superior Court; Walla Walla County District Court Judge Kristian E. Hedine; Whatcom County Clerk's Office; Whatcom County Council; and Whatcom County Superior Court. Dkt. 4. The complaint relates to the alleged failure of defendants Reynolds, Hedine,

REPORT AND RECOMMENDATION - 1

1    Whatcom County Clerk's Office, and Whatcom Superior Court, to file Mr. Gardner's documents

2    and the alleged failure of defendants Whatcom County Council, and Whatcom County Superior

3    Court to take "corrective action" based on the failure to file his documents. Dkt. 4, at 16-18.

4         Mr. Gardner contends defendants' actions violate his constitutional rights of access to the

5    courts, freedom of speech, access to the government for redress of grievances, and equal rights

6    under the law. *See, id.* Mr. Gardner further contends the refusal of defendants Reynolds and the

7    Whatcom County Clerk's Office to file his documents, and defendants Whatcom County Council

8    and Whatcom County Superior Court's failure to take "corrective action", constitutes retaliation

9    for his having commenced a separate action against Judge Raquel Montoya-Lewis (who

10   sentenced him in his criminal case). *Id.*, at 20-21.

11        For the reasons below, the Court recommends the complaint be dismissed with prejudice,

12   and that leave to amend be denied because any amendment would be futile.

**BACKGROUND**

14        Mr. Gardner alleges in May 2018, he submitted a name change application to defendant

15   David Reynolds, Clerk of Whatcom County Court. Dkt. 4, at 10. In June 2018, Mr. Gardner

16   received a letter from defendant Reynolds informing him that his documents were hand delivered

17   to Whatcom County District Court. *Id.* In July, 2018, Mr. Gardner indicates that he submitted a

18   "Petition Against Judge Raquel Montoya-Lewis in the Nature of Quo Warrants" "because [he]

19   felt the judge who sentenced [him] may have committed official misconduct[.]" *Id.*, at 11. In

20   September 2018, Mr. Gardner indicates that he began "thinking that I possibly only needed to

21   have my name declared", as opposed to having his name "changed" and accordingly submitted a

22   document entitled "Action for Declaration of Name of Actor Nunc Pro Tunc" with

23   accompanying documents to defendant Reynolds at Whatcom County Superior Court. *Id.*

REPORT AND RECOMMENDATION - 2

1    In September 2018, defendant Reynolds returned Mr. Gardner's documents to him with a
2 letter indicating that, "as [previously] mentioned … all name changes occur through District
3 Court, therefore you must file the proper paperwork with them." *Id.*; Dkt. 4-1, at 10. Mr. Gardner
4 indicates he subsequently wrote defendant Reynolds back to indicate that his documents were
5 not regarding a change of name but were made under "RCW 7.24, not RCW 4.24.130." *Id.* In
6 January 2019, Mr. Gardner indicates he submitted the following additional documents to
7 defendant Reynolds: "(a) Action for Determination on Property Rights, and Transfer and
8 Assignment of Name, Voice, Photograph, Signature, pursuant to RCW 63.60, with several
9 accompanying documents"; "(b) Petition for Determination of Creditors […] or other persons
10 interested in the Estate of Kier Keand'e […], made under RCW 11.96A"; and (c) Petition for
11 Determination of Creditors […], or other persons interested in the Estate of Gardner, pursuant to
12 RCW 11.96A." *Id.* Mr. Gardner contends that defendant Reynolds has not written him back with
13 respect to these submissions. *Id.*

14    Mr. Gardner states that because of the alleged failure by defendants to file or process his
15 name change application and other documents, he submitted a "Claim for Damages"[1] to
16 Whatcom County Council. Dkt. 4, at 13. In February 2019, Mr. Gardner indicates he submitted a
17 Petition for Change of Name to Walla Walla County District Court. *Id.* In February 2019, Mr.
18 Gardner received a letter from defendant Hon. Kristian E. Hedine indicating that they had
19 received his request for name change but that he would need to fill out the Court's forms in order
20 to have his request heard. *Id.* Mr. Gardner states the forms provided were the "same type of
21 forms" he had submitted. *Id.* In March 2019, Mr. Gardner states he wrote to Judge Hedine
22 indicating that nothing in the RCW required him to use the Court's forms. *Id.* In March 2019,
23

---

[1] Mr. Gardner attaches a copy of the "Claim for Damages" form which indicates that "[p]ursuant to RCW 4.96, this form is for filing a tort claim against Whatcom County." Dkt. 4-1, at 13.

REPORT AND RECOMMENDATION - 3

1   Mr. Gardner received a response from Judge Hedine indicating that they had received his letter

2   but that he still needed to use the Court's forms in order for his request to be considered. *Id.*

3         In April 2019, Mr. Gardner received a letter from George Roche, Civil Deputy Prosecutor

4   for Whatcom County, indicating that the County had denied his claim. *Id.* In April 2019, Mr.

5   Gardner submitted a "Claim for Damages" to Connie R. Vinti, Clerk of the Board, as Agent of

6   the Walla Walla County Commissioner's Office regarding Judge Hedine's alleged failure to file

7   or process his name change application. *Id.* Mr. Gardner indicates he has not received a response.

8   *Id.* Mr. Gardner further indicates in April 2019, he also submitted a "complaint for declaratory

9   relief", a "complaint for conflicting claims to property" and a "complaint for declaratory and

10  injunctive relief re: certificate of live birth" to defendant Whatcom County Clerk and that, to

11  date, he has not received a response. *Id.*

12  **DISCUSSION**

13  **A.     Defendants Hedine and Reynolds**

14        1.     **Judicial and Quasi-Judicial Immunity**

15  Mr. Gardner is barred from bringing a § 1983 claim for damages against defendants

16  Hedine and Reynolds because monetary damages against judges and clerks are barred by judicial

17  and quasi-judicial immunity. *See Mullis v. United States Bankruptcy Court for Dist. of Nev.*, 828

18  F.2d 1385, 1390 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988). The doctrine of judicial

19  immunity bars state and federal claims for damages against a judicial officer for actions taken in

20  his or her judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Moore v.*

21  *Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996), *cert. denied*, 519 U.S. 1118 (1997). "[J]udicial

22  immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11. The

23  doctrine "applies however erroneous the act may have been, and however injurious in its

consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (citations and quotations omitted).

Furthermore, absolute immunity "is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions." *Burton v. Infinity Capital Management*, 753 F.3d 954, 959 (9th Cir. 2014) (citations and internal quotations omitted). "[C]ourt clerks are entitled to absolute immunity even in the absence of a judicial directive so long as the acts were not done 'in the clear absence of all jurisdiction.'" *Id.* at 961 (*quoting Mullis*, 828 F.2d at 1390). "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis*, 828 F.2d at 1390 (citations omitted).

Here, Mr. Gardner's federal claims against defendants Hedine and Reynolds arise out of their alleged actions in failing to file or process his documents, or in returning his documents to him with the instruction to file them on the appropriate forms or in the appropriate court. As alleged in the complaint, these are actions were taken by defendants Hedine and Reynolds in their capacities as a judge and court clerk, involving tasks which are an "integral part of the judicial process." *Mullis*, 828 F.2d at 1390 (citations omitted). Thus, even if these defendants performed their jobs negligently or these actions were taken in bad faith, on the face of the complaint, these defendants are entitled to judicial and quasi-judicial immunity. *See, e.g., Coulter v. Roddy*, 463 Fed.Appx. 610, 611 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2752 (2012) (court clerk immune for allegedly directing deputy clerks to refuse to file forms presented by a *pro se* litigant seeking dismissal of a civil action); *Essell v. Carter*, 450 Fed.Appx. 691 (9th Cir. 2011) (court clerks immune for failing to respond to *pro se* plaintiff's letters and failing to file various motions and appeals); *Sedgwick v. United States*, 265 Fed.Appx. 567, 568 (9th Cir. 2008)

(United States Supreme Court clerk immune for refusing to file plaintiff's petition for writ of certiorari); *In re Castillo*, 297 F.3d 940, 951-52 (9th Cir. 2002) (bankruptcy trustee absolutely immune for failing to give notice of hearing and improperly scheduling hearing); *Moore v. Brewster*, 96 F.3d at 1244 (court clerk immune for allegedly deceiving plaintiff regarding status of supersedeas bond and improperly conducting hearings to assess costs); *Mullis*, 828 F.2d at 1390 (bankruptcy court clerks immune for failing to provide requested information and refusing to accept and file an amended bankruptcy petition); *Shatford v. Los Angeles County Sheriff's Dep't*, 2016 WL 1579379, at *10 (C.D. Cal. Mar. 29, 2016), *adopted*, 2016 WL 1573422 (Apr. 19, 2016) ("Procedures for calendaring appearances before a judicial officer and deciding whether or not to file documents on the court's docket are an integral part of the judicial process, even if those tasks are considered administrative or ministerial."); *Maldonado v. Superior Court*, 2013 WL 635951, at *3 (E.D. Cal. Feb. 20, 2013) (clerk immune for failing to take action on plaintiff's complaints and habeas corpus petition); *Armstrong v. Scribner*, 2008 WL 268974, at *19 (S.D. Cal. Jan. 30, 2008) (clerk immune for failing to file documents plaintiff submitted to the court); *Brooks v. Atwood*, No. CV 15-7724-JFW(E), 2016 WL 7650577, at *6 (C.D. Cal. Nov. 29, 2016), *report and recommendation adopted*, No. CV 15-7724-JFW(E), 2017 WL 57773 (C.D. Cal. Jan. 5, 2017), *judgment entered*, No. CV 15-7724-JFW(E), 2017 WL 555969 (C.D. Cal. Feb. 9, 2017), *aff'd*, 710 F. App'x 313 (9th Cir. 2018) (clerks immune for allegedly destroying or failing to place documents in court file, listing allegedly nonexistent documents in 'case summary, refusing to provide hearing date, illegally filing an appeal and obstructing justice by filing a motion to dismiss an appeal before the record was filed).

**2.     Failure to State a Claim**

REPORT AND RECOMMENDATION - 6

Furthermore, even accepting Mr. Gardner's allegations against defendants Hedine and Reynolds as true, at most they appear to amount to a disagreement with the manner in which defendants were performing their jobs and with their instructions on the proper procedures to follow in pursuing his requests for relief. For instance, Mr. Gardner acknowledges that defendant Reynolds informed him that all name changes occur through Whatcom County District Court, not Whatcom County Superior Court, and that, therefore he must file the proper paperwork with the proper court. Mr. Gardner indicates he disagreed with this, and informed defendant Reynolds of his disagreement and his belief that his documents should be processed in Whatcom County Superior Court.

Mr. Gardner also acknowledges that defendant Hedine acknowledged receipt of his name change application materials but instructed him, on two occasions, that he must submit his application on the court's form. Mr. Gardner again indicates he informed defendant Hedine that he disagreed with this but does not indicate he made any attempt to pursue his name change by using the Court's forms as instructed by defendant Hedine. Thus, even on the face of the complaint, it appears that Mr. Gardner's allegations arise from a disagreement with and refusal to comply with the Court's instructions on the proper procedures and venue for filing such documents and requests for relief.

The Court also notes the constitutional right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and Section 1983 cases. *See Lewis v. Casey*, 518 U.S. at 353 n. 3, 354-55. [A] prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim. *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1160 (9th Cir. 2003). Thus, Mr. Gardner's argument that defendants' failure to file his documents pertaining to his name change and various other documents unrelated to his direct

REPORT AND RECOMMENDATION - 7

criminal appeals, habeas corpus proceedings, or Section 1983 cases, fail to state a constitutional claim for denial of access to the courts. The court can conceive of no additional facts that Mr. Gardner could allege such that this defect could be cured through amendment.

Mr. Gardner also argues defendants' failure to file his documents violated his right to equal protection. The Fourteenth Amendment's equal protection clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). "To prevail on an Equal Protection claim brought under § 1983, plaintiffs must allege facts plausibly showing that 'the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class.'" *Hartmann v. California Dept. of Corrections and Rehabilitation*, 707 F.3d 1114, 1123 (9th Cir. 2013) (quoting *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)). Thus, Plaintiff must show 1) he is a member of a protected class, and 2) he is being intentionally treated differently from a similarly situated class. *See Washington v. Davis*, 426 U.S. 229, 239 (1976); *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963). For equal protection purposes, a "protected class" is a group "comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." *Thornton*, 425 F.3d at 1167 (citing *Freeman v. City of Santa Ana*, 68 F.3dc 1180, 1187 (9th Cir. 1995). Conclusory allegations by themselves do not establish an equal protection violation without further proof of invidious discriminatory intent. *See Village of Arlington Heights*, 429 U.S. at 265.

Here, Mr. Gardner speculates that defendants "may" have failed to file his documents because he his "considered a man of African-American descent." Dkt. 4, at 22-24. However, Mr. Gardner offers nothing to support this speculation other than the fact that he is "considered a man of African-American descent." *Id.* Nor does Mr. Gardner offer any facts to indicate he is being

REPORT AND RECOMMENDATION - 8

treated differently from a similarly situated class. This conclusory allegation is insufficient to state a claim and, in light of the fact that Mr. Gardner's own complaint appears to acknowledge that this contention is purely speculative, it does not appear that additional facts can be alleged to cure this defect through amendment.

**B.      Whatcom County Clerk's Office; Whatcom County Council; and Whatcom County Superior Court**

Because Mr. Gardner's complaint fails to allege a constitutional violation against defendants Hedine and Reynolds, it also fails to allege a constitutional violation against the County defendants. *See Monell v. Dept. of Social Svcs. of City of New York*, 436 U.S. 658 (1978) (to state a 1983 claim against a municipality, a plaintiff must demonstrate that the alleged *constitutional deprivation* was the product of a policy or custom of the local governmental unit, because municipal liability must rest on the actions of the municipality, and not the actions of the employees of the municipality). Moreover, even if Mr. Gardner's complaint did sufficiently allege a constitutional violation against defendants Hedine and Reynolds, his complaint would still fail to state a claim against the County defendants.

First, the complaint alleges defendants Whatcom County Clerk's Office and Whatcom County Superior Court should be held liable on a theory of supervisory liability, i.e., because County employees defendants Reynolds and Hedine violated Mr. Gardner's constitutional rights, the County, as supervisor, is responsible for the violations. However, a local governmental unit may not be held responsible for the actions of its employees under a respondeat superior theory of liability. Rather, a plaintiff must go beyond the respondeat superior theory of liability and demonstrate that the alleged  constitutional deprivation was the product of a policy or custom of the local  governmental unit. *See Board of County Com'rs of Bryan County, Okl. v. Brown*,  520 U.S. 397, 403 (1997); *City of Canton*, 489 U.S. at 385; *Monell*, 436 U.S. at 690-91. Municipal

REPORT AND RECOMMENDATION - 9

1 liability must rest on the actions of the municipality, and not the actions of the employees of the
2 municipality. *Id.* Here, Mr. Gardner does not argue the alleged constitutional deprivation was the
3 product of any such policy or custom of the County but instead relies solely upon the theory or
4 respondeat superior.

5     Mr. Gardner also alleges that Whatcom County Council and Whatcom County Superior
6 Court failed to take corrective action when he notified them of defendants' Reynolds and
7 Hedines failure to file his documents. Ratification of the decisions of a subordinate by an official
8 with final decision-making authority can be a policy for purposes of municipal liability under §
9 1983. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Trevino v. Gates*, 99 F.3d
10 911, 920-21 (9th Cir. 1996); *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992). "[T]he
11 mere failure to investigate the basis of a subordinate's discretionary decisions[,]" however, is not
12 a ratification of those decisions. *Praprotnik*, 485 U.S. at 130. Moreover, mere acquiescence in a
13 single instance of alleged unconstitutional conduct is not sufficient to demonstrate ratification of
14 a subordinate's acts. *See Gillette*, 979 F.2d at 1348.

15     At most, Mr. Gardner's allegations against the Whatcom County Council and Whatcom
16 County Superior Court would amount to a failure to investigate the basis of a subordinate's
17 discretionary decisions, or mere acquiescence in a single instance of alleged unconstitutional
18 conduct and, as such, would not rise to the level of a constitutional violation. Moreover, as noted
19 above, Mr. Gardner's complaint does not establish that any defendant violated his rights. Mr.
20 Gardner was instructed to file his pleadings using the right forms and in the right court. He
21 declined to do so. This case accordingly does not involve an improper denial of access to the
22 courts. The Court cannot conceive of any additional facts Mr. Gardner could allege that could
23 cure these deficiencies with respect to his claims against the County defendants.

REPORT AND RECOMMENDATION - 10

**C.     Retaliation Claims**

Mr. Gardner also alleges defendants Reynolds, Hedine and Whatcom County Clerk's office refused to file his papers, and defendants Whatcom County Council and Whatcom County Superior Court refused to take corrective action, in retaliation for his claim against Judge Montoya-Lewis.

To state a First Amendment retaliation claim under § 1983, a plaintiff must alleges several elements, including that a state actor took some adverse action against him because of that plaintiff's protected conduct, and that such action chilled the plaintiff's exercise of his First Amendment rights. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2015). Although timing can be considered as circumstantial evidence of retaliatory action, timing alone is generally not sufficient to establish retaliation. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995). Rather, the overall circumstances of the alleged retaliation must be considered and not simply the order of the events. *Id.*

In support of this claim, Mr. Gardner contends only that the defendants stopped responding to his correspondence after he filed his claim against Judge Montoya-Lewis. However, even if timing alone were sufficient to support a retaliation claim (which it is not), this allegation is belied by Mr. Gardner's own recitation of the facts and timeline in his complaint. Mr. Gardner's complaint indicates he filed his action against Judge Montoya-Lewis in July 2018, yet he acknowledges receiving correspondence responding to his filings from defendant Reynolds in September 2018, from defendant Hedine in February 2019 and March 2019, and from the Whatcom County Council in April 2019.

The Court notes that the facts alleged in Mr. Gardner's complaint appear to indicate that the defendants stopped responding to his correspondence, not when Mr. Gardner filed his

complaint against Judge Montoya-Lewis, but, rather, when he failed to comply with the defendants' direction that he use the appropriate court forms and file his case in the proper court. Thus, the only facts Mr. Gardner points to in support of his retaliation claim undermine, rather than support, that claim. As Mr. Gardner's retaliation claim is wholly unsupported, and in fact undermined by his own facts, the Court finds he fails to state a claim for retaliation. Moreover, the Court cannot conceive of any additional facts Mr. Gardner could allege, under the circumstances, which would cure these deficiencies and state a retaliation claim against the defendants.

In sum, the complaint should be dismissed as it names defendants who are immune from suit and otherwise fails to state a constitutional claim against any defendants. Furthermore, the Court cannot conceive of additional facts Mr. Gardner could allege which would cure the deficiencies in his complaint. Accordingly, leave to amend the complaint should be denied and the matter should be dismissed at this point.

### OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, limited to eight pages, may be filed no later than **June 19, 2019.** The Clerk should note the matter for **June 21, 2019**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 5th day of June, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 12