UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIER KEAND'E GARDNER<br><br>               Plaintiff,<br><br>   v.<br><br>DAVID L. REYNOLDS, et al.,<br><br>               Defendants. | Case No. C19-670 RSM<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

## I.    INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkt. #6. The R&R recommends dismissal of Plaintiff Kier Keand'e Gardner's complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim.[1] After considering Plaintiff's Complaint, Dkt. #1, Objections, Dkt. #7, and the remaining record, the Court agrees with Judge Tsuchida that Plaintiff's claims should be dismissed with prejudice.

---

[1] The Court notes Plaintiff's objection to being addressed as Mr. Gardner instead of Mr. Keand'e, and will refer to him hereafter as "Plaintiff."

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE - 1

## II. BACKGROUND

Plaintiff's claims arise from Defendants' alleged failure to file and process his name change application and to rectify this failure thereafter. Defendant contends that Mr. Reynolds, Judge Hedine, Whatcom County Clerk's Office, and Whatcom Superior Court failed to file his name-change documents in violation of his right of access to the courts, access to the government for redress of grievances, and equal rights under the law. Dkt. #4 at 16-18. He likewise contends that Whatcom County Council and Whatcom County Superior Court failed to take "corrective action" to address this failure in retaliation for his having commenced an unrelated action against Judge Raquel Montoya-Lewis. *Id.* at 20-21.

## III. DISCUSSION

### A. Legal Standard

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

### B. Judicial and Quasi-Judicial Immunity

The R&R correctly determined that Plaintiff's Section 1983 claims against Judge Hedine and Mr. Reynolds for actions taken in their capacities as judge and county clerk are barred by judicial and quasi-judicial immunity. Dkt. #6 at 5-6. Plaintiff objects to the R&R on the grounds that Judge Tsuchida erroneously applied federal case law involving federal officers to Plaintiff's

complaint, which alleges violations by county officials. Dkt. #7 at 2-4. Because the doctrine of judicial and quasi-judicial immunity plainly applies to judicial officers as the county level, the Court finds no error in the R&R's application of the law. *See Sutton v. LLewellyn*, 288 F. App'x 411, 412 (9th Cir. 2008) (County Clerk of Monterey County Superior Court had absolute quasi-judicial immunity from damages for civil rights violations); *Foti v. Cty. of San Mateo*, 90 F. App'x 488, 491 (9th Cir. 2003) (Judicial immunity barred Section 1983 claims against county superior court judge).

### C. Failure to State a Claim

Likewise, the Court agrees that the facts alleged by Plaintiff do not give rise to a constitutional violation under 42 U.S.C. §§ 1981, 1983, and no additional facts could cure this defect. *Id.* at 7-12. The Court addresses Plaintiff's objections, in turn, below.

**1. Right of Access to the Courts**

The R&R concludes that Plaintiff is not entitled to a right of access to the courts with respect to this civil action. Dkt. #6 at 8 ("[A] prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim.") (citing *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1160 (9th Cir. 2003)). Plaintiff objects that he should be allowed to amend his complaint to demonstrate to the court the connection between this civil action and his criminal case. Dkt. #7 at 5. However, the injury alleged by Plaintiff—here, Defendants' alleged failure to process his name-change documents and to rectify this failure—cannot satisfy the injury requirement to claim violation of his right of access to the courts. An injury that invokes an inmate's constitutional right of access to the courts must affect his ability to attack his sentence, directly or collaterally, or to challenge the conditions of his confinement. *Simmons*, 318 F.3d at 1160. This civil case does not fall into either category. Plaintiff contends that this name change dispute has affected his ability to file

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE - 3

pleadings related to his criminal action because it has prevented him from listing a particular name on pleadings. *See* Dkt. #4, ¶67 (discussing Plaintiff's inability "to get any motions, including criminal motions, in the trial court for well over 30 months now . . . or be a part in any judicial proceeding of a civil nature as KEANDE or in Plaintiff's Given Names: KIER KEAND'E"). Plaintiff's constitutional right of access to the courts cannot conceivably be hampered by his ability to file documents under the name "Kier Keand'e" as opposed to "Kier Keand'e Gardner," nor by any other issue arising from this civil case. The Court therefore agrees with the R&R's conclusion that Plaintiff is not entitled to right of access to the courts for this case and that the defect cannot be cured through amendment.

Plaintiff also objects to the R&R's assessment that his allegations related to this claim "arise from a disagreement with and refusal to comply with the Court's instructions on the proper procedures and venue for filing such documents and requests for relief." Dkt. #6 at 7. Plaintiff contends that he did not refuse to reply, but rather that Mr. Reynolds misunderstood the requirements for filing a name-change petition. Dkt. #7 at 5. While the Court is unclear what distinction Plaintiff seeks to draw, either characterization of the alleged facts indicates that Plaintiff failed to follow the procedures requested by the county clerk to apply for a name change. Accordingly, Plaintiff has failed to state a claim that Defendants violated his constitutional right of access to the courts.

**2. Discrimination Claim under Section 1981**

Plaintiff also objects to Judge Tsuchida's analysis of his complaint as an equal protection claim under Section 1983. Instead, Plaintiff argues, he alleged impairment of his equal rights under the law in violation of 42 U.S.C. § 1981. Dkt. #7 at 6. Indeed, in addition to listing claims under Section 1983, Plaintiff's complaint also includes denial of equal rights under 42 U.S.C. § 1981(a). Dkt. #4 at 21. A claim under Section 1981 requires a plaintiff to allege intentional discrimination on account of race. *Evans v. McKay,* 869 F.2d 1341, 1344 (9th Cir. 1989) (citing

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE - 4

*Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 376 (1982)). Even if Plaintiff has alleged a violation of his right to enforce a contract, to sue, to be a party, or to give evidence as a result of Defendants' actions, *see* 42. U.S.C. § 1981(a), the R&R correctly assessed that he failed to "offer any facts to indicate he is being treated differently from a similarly situated class." Dkt. #6 at 8-9. Instead, Plaintiff acknowledges that any connection between Defendants' actions and racial animus is merely speculative, suggesting that defendants "may" have failed to file his documents on account of the fact that he is "considered a man of African-American descent." Dkt. #4 at 22-24. For that reason, Plaintiff has likewise failed to state a claim under Section 1981.

### 3. General Objections

Plaintiff also argues that he has alleged enough facts to raise a reasonable expectation that discovery would reveal evidence of the allegations charged, and his claims should therefore not be dismissed for failure to state a claim. Dkt. #7 at 7 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Plaintiff misconstrues the distinction between the pleading standard required under *Twombly*, and whether the facts he has alleged support the claims he seeks to prove. Here, Plaintiff has brought claims under 42 U.S.C. §§ 1981 and 1983 alleging violations of his constitutional rights. Even accepting Plaintiff's allegations as true, Plaintiff's dispute over the process for filing a name-change application cannot state a claim for constitutional violation.

Finally, Plaintiff disputes the R&R's characterization of his theories of supervisory and municipal liability. Dkt. #7 at 7-8. Regardless of what theory of liability Plaintiff sought to apply to defendants Whatcom County Clerk's Office, Whatcom County Council, and Whatcom County Superior Court, the issue is moot given his failure to state a claim with respect to constitutional violations committed by Judge Hedine or Mr. Reynolds.

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE - 5

**CONCLUSION**

The Court, having reviewed Plaintiff's complaint, the Report and Recommendation of the Honorable Judge Brian A. Tsuchida, United States Magistrate Judge, any objections thereto, and the remaining record, hereby finds and **ORDERS** as follows:

(1) The Report and Recommendation is approved and adopted;

(2) This matter is **DISMISSED with prejudice**;

(3) The Clerk is directed to send copies of this Order to Plaintiff and to Judge Tsuchida.

DATED this 1st day of August 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE